## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Civil Action Number:**

MARTIN TACHER

     Plaintiff,

vs.

NAIL CITY & SPA, INC., a Florida corporation
d/b/a CAMILLA DAY SPA, and
CORAL-CS/LTD. ASSOCIATES, a Florida general partnership

     Defendants.

---

## COMPLAINT

---

     Plaintiff, MARTIN TACHER, by and through his undersigned counsel, hereby sues Defendant NAIL CITY & SPA, INC., a Florida corporation, and Defendant CORAL-CS/LTD. ASSOCIATES, a Florida general partnership, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the AMERICANS WITH DISABILITIES ACT ("ADA") and 28 C.F.R. Part 36 and alleges:

### <u>JURISDICTION</u>

     1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA").  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

     2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida.

3.     The remedies provided by Florida Statute §760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

**PARTIES**

4.     MARTIN TACHER (hereinafter referred to as "Plaintiff") is a resident of the state of Florida. The Plaintiff suffers from multiple sclerosis and uses a wheelchair for mobility, thus suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act ("ADA").  The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

5.     Defendant NAIL CITY & SPA, INC. (also referenced as "NAIL CITY & SPA") is a Florida corporation. Defendant NAIL CITY & SPA is authorized to conduct, and is conducting business within the State of Florida.

6.     At all times material hereto, Defendant NAIL CITY & SPA has owned and operated the CAMILLA DAY SPA which is located at in the Coral Square Mall at 9267 W Atlanta Blvd, 9821 West Sample Road, Coral Springs, Florida 33076, which is the subject of this action.  The Subject Facility is commonly referred to as "CAMILLA DAY SPA", or as "Subject Facility".

7.     Defendant CORAL-CS/LTD. ASSOCIATES. is a Florida general partnership (also referenced as "Defendant CORAL-CS"). Defendant CORAL-CS is authorized to conduct, and is conducting business within the State of Florida.

8.     At all times material hereto, Defendant CORAL-CS has been the owner of the real property[1] which is the subject to this action and has leased that real property to Defendant NAIL CITY & SPA.

9.     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located within the jurisdiction of this Court.

10.     The Subject Facility is a beauty salon and day spa open to the general public which offers, among other things, full body massages and facials.  Pursuant to 42 U.S.C. §12181(7)(F), the Subject Facility is a place of public accommodation in that it is a beauty salon an enclosed shopping mall called "Coral Square Mall", and is open to the general public.

11.     On October 21, 2014, the Plaintiff personally visited the Subject Facility with the intention of purchasing and receiving a facial.  The Plaintiff was unable to receive the facial because he could not navigate and turn his wheelchair within the facial room (the room was too narrow to permit maneuverability and turning of the wheelchair.

12.     As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at CAMILLA DAY SPA.

13.     As a result of the Defendants' discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

14.     Any and all requisite notice has been provided.

15.     The Plaintiff has been obligated to retain the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause,

---

[1] Enclosed shopping mall called "Coral Square Mall".

including costs and expenses incurred.   Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

16.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 – 15 herein above.

17.    The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities.  The ADA was enacted and effective as of July 26, 1990.  The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 24 years.  As such, all public accommodations and facilities have had adequate time for compliance.

18.    Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)   discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)    Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs,

4

benefits, or other opportunities; and,

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

19.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20.    Pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104, the Subject Facility commonly known as CAMILLA DAY SPA is a place of public accommodation in that it is a beauty shop in a strip mall shopping center open to the general public.

21.    Pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104, the Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

22.    The Defendant CORAL-CS INVESTMENTS LLC (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee) have discriminated (in derogation of 28 C.F.R. Part 36).

23.     The Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee) have discriminated, and continue to discriminate, against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Subject Facility, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24.     Plaintiff has have been unable to, and continue to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Subject Facility.

25.     Prior to the filing of this lawsuit, the Plaintiff personally visited the day spa and beauty salon CAMILLA DAY SPA (Subject Facility), with the intention of patronizing the public accommodations within the Subject Facility, but (as an individual with a disability who utilizes a wheelchair for mobility), has been denied adequate accommodation by virtue of being unable to navigate his wheelchair within the Subject Facility's massage room and therefore suffered an injury in fact.

26.     The Plaintiff continues to desire to patronize the Subject Facility and to purchase and receive a full body massage in the future, but continues to be injured in that he  continues to be discriminated against due to the architectural barrier which remains at Subject Facility, all in violation of the ADA.

27.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated

6

Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28.     On information and belief, the Subject Facility has been recently renovated.  The Subject Facility is not readily accessible to and usable by individuals with disabilities.  Therefore Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator) are in violation of 28 C.F.R. §35.151 as the Subject Facility and does not meet standards for new construction and alterations as delineated within 28 C.F.R. part 36, subpart D.

29.     The Subject Facility owned by Defendant CORAL-CS/LTD. ASSOCIATES and in the possession and daily operational control of Defendant NAIL CITY & SPA, INC. (as lessee and operator) is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i.     Failure to provide a room for providing facials designed to accommodate a wheelchair within the Subject Facility, as required by 28 C.F.R. Part 36 Section 4.36.2 (a wheelchair turning space must comply with Section 4.2.3 within the room). The  width of the facial room, with consideration for the fact that a facial chair was within the room reducing available width to navigate/turn a wheelchair represents an insurmountable barrier to utilization by the Plaintiff and other individuals who use wheelchairs;

ii.     Failure to provide for clothing hooks at an accessible height within the massage room of the Subject Facility as required by 28 C.F.R. Part 36.

iii.    Various displays and shelves, containing merchandise for sale, are located at inaccessible heights, in violation of 28 C.F.R. Part 36.

iv.     The two service counters located at Subject Facility are inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(1), which requires that a portion of the main counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm) above the finished floor.

v.      Failure to install an accessible restroom mirror, at required accessible height, in compliance with 28 C.F.R. Part 36, Section 4.19.6.

vi.     Failure to provide a restroom paper towel dispenser, at an accessible height, as required by 28 C.F.R. Part 36, Sections 4.22.7 and 4.27.3 and 4.2.5.

vii.    Failure to provide a restroom toilet paper dispenser, at an accessible reach range, as required by figure 29(b) as referenced in 28 C.F.R. Part 36, Section 4.16.6.

viii.   Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

30.     Upon information and belief, Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator) are in violation of other provisions of the ADA at the Subject Facility, and only once a full inspection is done can all said violations be identified.

31.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

8

32.     Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants have been required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator) have jointly and severally failed to comply with this mandate.

33.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff MARTIN TACHER hereby demands judgment against Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator) and request the following injunctive and declaratory relief:

a)      The Court declares that the Subject Facility owned and leased by Defendant CORAL-CS/LTD. ASSOCIATES and operated, controlled, and/or administrated by Defendant NAIL CITY & SPA, INC. (as lessee) is violative of the ADA and order the Subject Facility to be closed to the public until such time that it is deemed by this Court to be accessible;

b)      The Court enter an Order requiring Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator) to alter the Subject Facility to make it accessible to and usable by

individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator) to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator) to undertake and complete corrective procedures to the Subject Facility;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF FLORIDA STATUTE §760

34. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 15 above.

35. The Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator) have violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

36.     The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator) including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a)      A declaration that the policies and procedures of Defendant CORAL-CS/LTD. ASSOCIATES (as owner) and Defendant NAIL CITY & SPA, INC. (as lessee and operator)  have violated Florida Statue §760 in that the Defendants failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law.

b)      An Order mandating that Defendants undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c)      An Order mandating that Defendants expeditiously make all reasonable and appropriate modifications to the Subject Facility to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d)      Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e)      Award reasonable costs and attorneys fees; and

f)      Award any and all other relief that may be necessary and appropriate.

Dated this 22nd day of November, 2014.

Respectfully submitted,

_s/Scott Dinin._
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
_Counsel for Plaintiff_